UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARY A. NISWONGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV1097 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Gary A. Niswonger's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed July 1, 2016. (ECF No. 1).

## BACKGROUND

On January 21, 1994, Niswonger pleaded guilty to being a felon in possession of a firearm and possessing a firearm not registered to him in the National Firearms Registration and Transfer Record. After the guilty plea, a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. The PSR found that Niswonger was an Armed Career Criminal ("ACC") due to three previous convictions for violent felonies. (PSR, ¶13). The violent felony convictions listed in the PSR were:

1) On July 29, 1983, Niswonger was convicted of the felony of Missouri Robbery First Degree in the Circuit Court of St. Louis County, Missouri, in Case Number 488491. (PSR, ¶24);

2) On August 1, 1983, Niswonger was convicted of the felony of Missouri Robbery First Degree in the Circuit Court of St. Louis County, Missouri, in Case Number 831-00661. (PSR, ¶28);

3) On Augsut 1, 1983, Niswonger was convicted of the felony of Missouri Robbery First Degree in the Circuit Court of St. Louis County, Missouri, in Case Number 831-00797. (PSR, ¶28);

As an ACC, Niswonger was assessed 31 Total Offense Levels. (PSR, ¶21). His Criminal History Category was set at Category VI, with a Sentencing Guideline range of 188-235 months. (PSR, ¶44, 62). On April 8, 1994, Niswonger was found to be an ACC and sentenced to a term of imprisonment of 225 months. Niswonger did not appeal his conviction or sentence.

On July 1, 2016, Niswonger filed his instant §2255 Motion. Niswonger's §2255 Motion purports to rely on the Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(2)(b) ("ACCA") was unconstitutionally vague.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(internal citations omitted). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); *Hill v. United States*, 368 U.S. 424, 428-29, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

**DISCUSSION**

Under Title 18, United States Code, Section §922(g)(1) provides that a person who has been previously convicted of a felony is prohibited from possessing a firearm or ammunition that has affected interstate commerce. Any person who unlawfully possesses a firearm in violation of this section is subject to a term of imprisonment of up to ten years. 18 U.S.C. §924(d). However, the ACCA provides that any defendant convicted in federal court of being a felon in possession of firearms and/or ammunition and who has three prior felony conviction for violent felonies and/or serious drug offenses committed on occasions separate from one another must receive an enhanced punishment of a maximum of life and a minimum term of imprisonment of fifteen years. 18 U.S.C. §924(e), also known as the ACCA. Niswonger was sentenced under 18 U.S.C. §924(e) after this Court determined that he had at least three prior felony convictions for violent felonies. A "violent felony" is defined as:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ..., that—
> (i) has as an element the use, attempt use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. §924(e)(2)(B) (emphasis added).

The italicized section set out above, known as the "residual clause," was invalidated by the recent holding in *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). However, the remaining definitions of a violent felony remain viable for determining whether a defendant is an Armed Career Criminal ("ACC"). *Johnson*, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act

violates the Constitution's guarantee of due process. ... Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Those remaining sections are subsection (i), commonly referred to as the "elements" clause, and the portion of subsection (ii) which contains the enumerated crimes of burglary, arson extortion or involving the use of explosives.

As previously stated, Niswonger's convictions are for Missouri Robbery in the First Degree. Under Missouri Statute, Robbery in the First Degree is defined as follows:

> A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,
>
> (1) Causes serious physical injury to any person; or
>
> (2) Is armed with a deadly weapon; or
>
> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
>
> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Mo. Rev. Stat. §569.020.1. A person "forcibly steals" when he "uses or threatens the immediate use of physical force upon the person of another..." Mo. Rev. Stat. § 569.010(1). *Bevly v. United States*, No. 4:16CV00965 ERW, 2016 WL 6893815, at *2 (E.D. Mo. Nov. 23, 2016). Missouri's statute for Robbery in the First Degree fits squarely in the elements clause of the ACCA. The Missouri First Degree Robbery statute "uses the term 'forcibly steals' and its definition is almost identical to the language contained in the elements clause of the ACCA." *Bevly v. United States*, No. 4:16CV00965 ERW, 2016 WL 6893815, at *3 (E.D. Mo. Nov. 23, 2016). The Court agrees with the Court in *Bevly* that Robbery in the First Degree constitutes a violent felony:

> The listed elements make clear Robbery in the First Degree is a violent felony. A person may commit Robbery in the First Degree when a person forcibly steals property and either causes serious physical injury, is armed with a deadly weapon, uses or threatens to use a dangerous instrument, or displays or threatens to use what appears to be a deadly weapon or dangerous instrument. This language satisfies the requirement of the use or threatened use of physical force or force capable of causing physical pain or injury to another. ... Therefore, the Court finds Missouri's statute for Robbery in the First Degree qualifies as a violent felony under the ACCA. *See also United States v. Sprous*, 389 Fed.Appx. 826, 828 (10th Cir. 2010) ("There is no question that Missouri...first-degree robbery [is a] violent felon[y].").

*Bevly v. United States*, No. 4:16CV00965 ERW, 2016 WL 6893815, at *3 (E.D. Mo. Nov. 23, 2016). Therefore, the Court holds that *Johnson* has no impact on Niswonger's case and he is not entitled to relief under his §2255 motion.

This claim is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gary A. Niswonger's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 15th day of May, 2019.

_Ronnie L. White_
UNITED STATES DISTRICT JUDGE